Dear Mayor Hirth:
You have submitted the following legal questions to this office for review, specifically, (1) may an elected alderman of the Village of Dubberly also hold the position of Village of Dubberly Building Official, and (2) may an elected chief of police also serve as a member of the board of commissioners of the local volunteer fire department?
The Village of Dubberly is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et. seq. Of import in the instant matter is R.S. 33:385(C), which states in pertinent part:
 C. No member of the board of aldermen shall hold any other office or employment under the municipal government while he is a member of the board, except as is provided for in R.S. 33:381 and R.S. 33:386. . . .
The position of Village of Dubberly Building Official is created pursuant to Section 1-101 of Ordinance 2006-1211 of the Village of Dubberly as follows:
 Section 1-101 Definitions.
 A. Village of Dubberly Building Official shall mean that employee or individual appointed by the Board of Aldermen to serve as the building official for the Village of Dubberly and to serve as building codes enforcement officer for the Village of Dubberly.
R.S. 33:385(C) prohibits a member of the board of aldermen from holding any other office or employment under the municipal government.
Further, R.S. 42:64(A)(1) prohibits the simultaneous holding of positions where "the incumbent of one of the offices, whether or not in conjunction with fellow *Page 2 
officers, or employment has the power to appoint or remove the incumbent of the other." Thus, in response to your first question, an elected alderman of the Village of Dubberly is prohibited by law from holding a position as a municipal building official.
In response to your second question, while the law prohibits a local elected office from holding a full-time appointive office, the law does not prohibit him from holding a part-time appointive office. R.S.42:63(D) states, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the political subdivision in which he holds an elective office. . . .
R.S. 42:62(4) and (5) define "full-time" and "part-time" as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62(4) and (5).
In response to your second question, the law permits the holding of the local elective office of chief of police and the part-time appointive office of member of the board of commissioners of the volunteer fire department.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY:__________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg